IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROLAND FIELDER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IMANI FIELDER, DECEASED<br><br>v.<br><br>LINA GHOSH, M.D. AND POTOMAC MANAGEMENT SOLUTIONS, LLC, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. 1:24-cv-00444 |

### DEFENDANT POTOMAC MANAGEMENT SOLUTIONS, LLC'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Potomac Management Solutions, LLC, pursuant to 28 U.S.C. §§ 1442 and 1446, in Cause No. 24-0552, pending in the 22nd Judicial District Court of Hays County, Texas, files this Notice of Removal to the United States District Court for the Western District of Texas, Austin Division, and would respectfully show the Court as follows:

## I.
## BACKGROUND AND PROCEDURAL HISTORY

1.      In his state court petition, Plaintiff alleges that Decedent Imani Fielder sought medical treatment from Defendant Lina Ghosh, M.D. at the Gary Job Corps Health and Wellness Center in San Marcos, Texas (the "Job Corps Center").[1] Plaintiff alleges that, despite Ms. Fielder's complaints, Dr. Ghosh failed to properly treat her medical condition. As a result,

---

[1] The Jobs Corps program is administered by the U.S. Department of Labor to provide academic and vocational training to economically disadvantaged youth. 20 C.F.R. § 670.110; *see Adams & Assocs., Inc. v. NLRB*, 871 F.3d 358, 364 (5th Cir. 2017).

Plaintiff contends that Ms. Fielder was improperly diagnosed and treated, and ultimately died on June 2, 2022. *See* Pet. at ¶¶ 6.01-6.07.

2. On February 29, 2024, Plaintiff filed suit against Defendants in the matter styled *Ronald Fielder, et al. v. Lina Ghosh, MD & Potomac Mgm't Sols, LLC*, Cause No. 24-0552, in the 22nd Judicial District of Hays County, Texas (the "State Court Action"). In the State Court Action, Plaintiff asserted negligence claims against Dr. Ghosh and Potomac. Among other things, Plaintiff alleges that Potomac, a medical staffing company, failed to "adequately train, orient, educate, credential, and instruct staff;" supervise; and "formulate, implement, and/or enforce appropriate policies and procedures." Pet. at ¶ 8.03. Plaintiff seeks to recover medical and burial expenses related to Ms. Fielder, as well as additional consequential and noneconomic damages.

3. At all times, Potomac provided services at the Job Corps Center in accordance with specifications promulgated by the United States government, and subject to the contractual supervision, control, orders, and directives of a federal officer acting under color of federal office.

4. Defendant Potomac accepted service of the lawsuit on March 27, 2024, and files this Notice of Removal within the thirty-day period, as required by 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

5. Removal of this action to federal court is proper under 28 U.S.C. § 1442(a), as Plaintiff alleges claims against Potomac based on actions it undertook at the direction of the federal government.

6. Under the Federal Officer Removal Statute, a defendant may remove an action when (1) it is a "person" within the meaning of the law, (2) it asserts a colorable federal defense,

(3) it acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2022). Removal under the statute, unlike the general removal statue, is broadly construed "in favor of a federal forum." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021).

7. Potomac is a "person" within the meaning of 28 U.S.C. § 1442(a). *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011); *see Takacs v. Am. Eurocopter, LLC*, 656 F.Supp.2d 640, 645 (W.D. Tex. 2009) (finding that defendant, a limited liability company, "constitute[d] a person for purposes of §1442.").

8. Plaintiff's claims against Potomac are based, in whole or in part, on allegedly negligent medical treatment that Ms. Fields received at the Job Corps Center. All of the allegedly negligent acts and claims asserted against Potomac relate to actions that were authorized and/or directed by the federal government, with which Potomac complied.

9. As a defense to Plaintiff's claims, Potomac asserts that it is entitled to the federal defense of derivative sovereign immunity. For the purposes of the removal statute, "[t]o be colorable, the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (quotations omitted). The defense need only apply to at least one asserted claim. *Webb v. 3M Co.*, 627 F.Supp.3d 612, 620 (S.D. Miss. 2022). Here, Potomac is entitled to removal under § 1442(a) based upon the federal defense of derivative sovereign immunity, as outlined in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also Taylor Energy Co. v. Luttrell*, 3 F.4th 172,

175 (5th Cir. 2021). In *Yearsley*, the Supreme Court established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function. *Luttrell*, 3 F.4th at 175. Potomac is entitled to *Yearsley* immunity because it assisted in the provision of medical services at the Job Corps Center.[2] These services were provided in accordance with a federally administered contract, and subject to the supervision, direction, control, orders, and directives of a federal officer, acting under the color of federal office. Indeed, if the government had provided the services provided by Potomac itself, it would be entitled to assert immunity. Under *Yearsley*, any immunity the government would enjoy is extended to Potomac, as it carried out its authorized functions.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

10. Potomac accepted service of Plaintiff's Original Petition and process on March 27, 2024. Defendant files this Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b).

11. The consent of other defendants is not required to remove this action under 28 U.S.C. § 1442(a). *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("Removal under § 1442(a), unlike removal under § 1441, does not require the consent of co-defendants.")

12. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district and division.

---

[2] Under federal law, Job Corps centers are required to provide medical services as part of "residential support services." 20 C.F.R. § 670.525.

13. Pursuant to 28 U.S.C. § 1446(a), all executed processes, pleadings, signed orders, a copy of the docket sheet, an index of matters being filed, and a list of all counsel of record are being filed contemporaneously with this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), promptly after Potomac files this Notice, written notice of the filing will be given to Plaintiff and all other parties.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hays County District Court, promptly after Potomac files this Notice.

## IV.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Potomac Management Solutions, LLC hereby removes this case to this Court for trial and final determination.

Respectfully submitted,

**PAPPAS, GRUBBS, & PRICE, P.C.**

By: */s/ Christopher R. Jackson*
Ann P. Watson
State Bar No. 20932900
AWatson@pappasgrubbs.com
Christopher R. Jackson
State Bar No. 24078722
CJackson@pappasgrubbs.com
Two Houston Center
909 Fannin, Suite 2500
Houston, Texas 77010
Telephone: (713) 951-1000
Facsimile: (713) 951-1199

**COUNSEL FOR DEFENDANT POTOMAC MANAGEMENT SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on April 23, 2024:

Kay L. Van Wey
Brady D. Williams
VAN WEY, METZLER, & WILLIAMS, PLLC
12720 Hillcrest Road, Suite 600
Dallas, Texas 75230
Telephone: (214) 329-1350
Facsimile: (800) 582-1042
courtfilings@vwmwlaw.com
brady@vwmwlaw.com

Tasha L. Barnes
Leah E. Stein
THOMPSON, COE, COUSINS & IRONS, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
tbarnes@thompsoncoe.com
lstein@thompsoncoe.com

By:   */s/ Christopher R. Jackson*
      Christopher R. Jackson